FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KORY A.J. HALL (3),<br><br>　　　　　　　　　Defendant. | NO: 2:14-CR-21-RMP-3<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3583(c)(1)(A)(i), ECF No. 2590. The Court has considered the motion, the record, and is fully informed.

**BACKGROUND**

On April 15, 2014, Defendant Kory A.J. Hall pled guilty to Conspiracy to Distribute Oxycodone Hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846. ECF No. 1347. The Court sentenced Mr. Hall to 100 months of imprisonment followed by 3 years of supervised released. ECF No. 1668.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 1

1     Mr. Hall is 39 years old and is currently incarcerated at Safford FCI. His projected release date from the Bureau of Prisons ("BOP") is November 26, 2022.[1]

    On December 30, 2020, Mr. Hall filed the present Motion for Compassionate Release Pursuant to 18 U.S.C. § 3583(c)(1)(A)(i), ECF No. 2590.

    Pursuant to General Order 20-9-1 (Aug. 31, 2020), the Court appointed the Federal Defenders to address Defendant's Motion for Compassionate Release and stayed briefing on the motion to allow the Federal Defenders to screen Defendant's motion for eligibility and conflicts. *See* ECF No. 2591.

    On March 18, 2021, the Federal Defenders received Mr. Hall's BOP records and determined that the Office would be unable to assist Mr. Hall. ECF No. 2596 at 2. Accordingly, the Federal Defenders' limited appointment was terminated. ECF No. 2597.

    Mr. Hall seeks to be immediate released from custody, and in the alternative, to be released to home confinement at his mother's residence. ECF No. 2590 at 22.

## LEGAL STANDARD

    Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Defendant.

---

[1] *See* Federal Bureau of Prisons, Find an Inmate (June 1, 2021), https://www.bop.gov/inmateloc/ (No. 48987-048).

However, 18 U.S.C. § 3582(c)(1)(A) also reserves an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

>  (A) Medical Condition of the Defendant.—
>
>  > (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) ....
>
>  > > (ii) The defendant is—
>  > >
>  > > (I) suffering from a serious physical or medical condition,
>  > >
>  > > (II) suffering from a serious functional or cognitive impairment,
>  > >
>  > > or
>  > >
>  > > (III) experiencing deteriorating physical or mental health because of the aging process, that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 3

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13.

Section 1B1.13, U.S.S.G., has not been updated since enactment of the First Step Act. As recently held by the Ninth Circuit, the current version of U.S.S.G. § 1B1.13 is not an "applicable policy statement[ ]" for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. Apr. 8, 2021). "In other words, the Sentencing Commission has not yet issued a

policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* Nonetheless, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). District courts are free to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

## DISCUSSION

### A. Exhaustion of Remedies

Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Mr. Hall submitted compassionate release requests to the warden at FCI Safford on August 3, 2020. ECF No. 2590 at 50. On September 23, 2021, the warden denied Mr. Hall's request. *Id.* Accordingly, the Court finds that Mr. Hall's motion is timely and will address the merits of his request.

### B. Extraordinary and Compelling Circumstances

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that

(i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In light of the Ninth Circuit's decision, the current version of U.S.S.G. § 1B1.13 is not currently an "applicable" policy statement for § 3582(c)(1)(A) motions filed by a defendant; thus, the Court is not bound by U.S.S.G. § 1B1.13 in determining what constitutes "extraordinary and compelling reasons" in ruling on Defendant's motion. *Aruda*, 993 F.3d at 802; *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, U.S.S.G. § 1B1.13 may nonetheless inform the Court's discretion. *Id*.

Mr. Hall contends that his family members' health issues present "extraordinary and compelling circumstances," specifically that his mother's caretaker, Defendant's maternal half-brother Mr. McCoy, has also become incapacitated due to cancer, and both family members would benefit from his release. ECF No. 2590 at 5, 13. Mr. Hall's mother is 66 years old, widowed, and resides in Las Vegas, Nevada. He states that she suffers from unspecified "ailments that incapacitate her from daily living." *Id.* at 13.

For purposes of informing the Court's discretion, "family circumstances" as contemplated by U.S.S.G." § 1B1.13 is limited to "the death or incapacitation of either the caregiver of defendant's minor child or minor children" or "the

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 6

incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." "Even if the Court were to consider care for a parent as a potential basis for compassionate release, the Court finds that incapacitation of the family member and the availability of other caregivers remain critical to the analysis." *United States v. Cyre*, No. 2:19-CR-00008, 2021 WL 1394125, at *4 (W.D. Wash. Apr. 13, 2021).

    Mr. Hall maintains that Mr. McCoy cannot effectively be the caregiver that Ms. Hall has been accustomed to over the years since Mr. Hall has been incarcerated. ECF No. 2590 at 5. However, Mr. Hall has presented insufficient evidence that his mother is incapacitated and that he is the only available caregiver. The documentation submitted by Defendant shows that his mother was treated for acute bronchitis in March of 2019 and visited the doctor in June of 2020 for "close exposure to COVID-19." ECF No. 2590 at 30, 39–48 ("Patient states that she does have history of diabetes as well as reactive airway whenever she gets sicks."). Although Ms. Hall is purportedly accustomed to a certain degree of care provided by one of her children, the evidence before the Court does not demonstrate that the ailments Mr. Hall's mother has suffered from or is currently suffering from renders her unable to care for herself.

    Additionally, Mr. Hall had not demonstrated that he or Mr. McCoy are the only available caregivers. The Presentence Investigation Report refers to Mr. Hall having four siblings and another maternal half-brother, all of whom reside in Las

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 7

Vegas. ECF No. 1675 at 19. Accordingly, Mr. Hall has not established that there is an absolute need for his assistance, or that he is the only one who can provide that assistance, notwithstanding his half-brother's unfortunate cancer diagnosis. The Court is sympathetic to the health challenges facing Defendant's family. However, the Court finds that Mr. Hall has failed to demonstrate that "extraordinary and compelling reasons" warrant relief based on the need to provide care for his mother.

Mr. Hall also cites to the heightened risk of contracting COVID-19. ECF No. 2590 at 12. However, "the COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief." *United States v. Briggs*, No. 2:07-CR-2063-LRS-1, 2020 WL 7265850, at *3 (E.D. Wash. Dec. 10, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d. Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). The BOP is working with the Centers for Disease Control and Prevention ("CDC") to ensure the BOP remains prepared to receive and administer the COVID-19 vaccine as it is made available. As of June 1, 2021, the BOP has administered 185,684 doses of the COVID-19 vaccine.[2] Furthermore, Mr. Hall acknowledges that he does not have

---

[2] https://www.bop.gov/coronavirus/index.jsp (accessed June 1, 2021).

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 8

a pre-existing condition identified by the CDC as causing an increased risk of severe illness from COVID-19.  ECF No. 2590 at 12.

Thus, while the Court commends Defendant's efforts at rehabilitation in custody, ECF No. 2590 at 4, the Court can identify no "extraordinary or compelling circumstances" at this stage justifying early release.

Accordingly, **IT IS HEREBY ORDERED**:  Defendant's Motion for Compassionate Release, **ECF No. 2590**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and Defendant.

**DATED** June 1, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge